BENTON, Judge,
concurring.
“[I]n the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a ‘reasonable’ search under that Amendment.” United States v. Robinson, 414 U.S. 218, 235, 94 S.Ct. 467, 477, 38 L.Ed.2d 427 (1973). The permissible purposes for the “search incident to a lawful arrest rests ... on the need to disarm the suspect in order to take him into custody ... [and] on the need to preserve evidence on his person for later use at trial.” Id. at 234, 94 S.Ct. 467. Nevertheless, the Fourth Amendment requires that we “accept as axiomatic the principle that people harbor a reasonable expectation of privacy in their ‘private parts.’ ” Justice v. City of Peachtree City, 961 F.2d 188, 191 (11th Cir.1992). See also Schmerber v. California, 384 U.S. 757, 767, 86 S.Ct. 1826, 1834, 16 L.Ed.2d 908 (1966) (holding that “[t]he overriding function of the Fourth Amendment is to protect personal privacy and dignity against unwarranted intrusion by the State”).
For purposes of deciding this case, I assume the Code § 19.2-59.1(F) definition of “strip search” applies. As the United States Court of Appeals for the Fourth Circuit has recognized, “Virginia’s definition of strip search ... is similar to that of most states.” Amaechi v. West, 237 F.3d 356, 365 (4th Cir.2001) (footnote omitted). Although federal law determines what constitutes a strip search for Fourth Amendment purposes, “because states define strip search in a uniform fashion, ... state law [is] persuasive on our interpretation of what constitutes a strip search.” Id. at 365 n. 15 (citations omitted). The tenor of Code § 19.2-59.1 “is in accordance with federal law governing limitations on the manner and scope of strip searches”; thus, it provides a basis to determine whether a “search ... was reasonable or fell within a ques *285 tionable area of law.” Id. at 365 (footnote omitted). The statute’s proviso, “[f]or purposes of this section,” does not alter the meaning of the term “strip search” for federal constitutional purposes.
In addition, I believe that Hughes v. Commonwealth, 31 Va.App. 447, 455, 524 S.E.2d 155, 159 (2000), does not provide a viable alternative definition of “strip search”; it seeks only to define that term by implication. The decision in Hughes concerned whether a defendant had consented to a search and did not have as its principal issue the definition of “strip search.” We merely stated that the term “generally refers” to a given set of circumstances. Id. at 455, 524 S.E.2d at 159. For these reasons, I would apply the statutory definition in this case and hold that the search of McCloud did not constitute a “strip search.”
Resolving the discrepancy between the officer’s testimony and McCloud’s testimony, the trial judge found that “the baggies’ packaging was discovered on pat down ... [,] that [McCloud’s] pants were pulled back in the front, [and] that the officer only had to reach in a short distance, two inches ... to get the top of the baggies and get that out.” We are bound by the trial judge’s resolution of the conflicting testimony. Watkins v. Commonwealth, 229 Va. 469, 477, 331 S.E.2d 422, 429 (1985). Thus, the issue we must decide is whether the officer conducted a strip search when he reached between McCloud’s skin and his underwear to retrieve the package of cocaine.
The officer testified that he did not disturb McCloud’s clothing to make a “visual inspection of [McCloud’s] genitals ... or undergarments.” He pulled McCloud’s pants and undergarment away from McCloud’s skin to permit the seizure of the bag that was concealed two inches from the top of those garments. He did not see McCloud’s private parts and did not seek to inspect them. He merely moved McCloud’s clothing a few inches to permit a sufficient space to retrieve the bag. In making this minimal intrusion, the officer did not expose McCloud’s body or underwear in any manner that *286 violated his personal privacy. I would hold, therefore, that this was a reasonable search incident to the arrest.
For these reasons, I concur in the judgment affirming the conviction.